*71 MEMORANDUM BY THE COURT
Plaintiff, Mosler Metal Products Corporation, sues to recover a sum of money alleged to be due from the Government to the A. E. Mosler Company, and to which the plaintiff claims to have succeeded. The facts show that the Mos-ler Company secured a loan from the Government in the amount of $175,000. Upon termination of its contract with the Government differences arose which were not finally settled until December 15, 1920, at which time a settlement contract was entered into between the parties, made Exhibit F to the petition, whereby it was ascertained that the amount due the Mosler Company was $132,681.90, and this amount was credited as of January 25, 1921, against the Mosler Company’s indebtedness to the War Credits Board on account of the advancements on loans to the Mosler Company, above referred to. Applying this credit to its indebtedness left the Mosler Company indebted to the United States in the principal sum of $5,193.80, and to the accrued interest on said loan in the sum of $20,178.60.
The principal insistence in this case is that the credit of the amount due the Mosler Company should have been made as of an earlier date, and thereby stop the interest on the indebtedness to the Government. If the matter stood upon this condition alone there could be room for the contention that the amount due the Mosler Company should be applied as of the date of the termination of its contract by the Government. But the facts show that this very question was raised by the attorney for the plaintiff during the *72 period of the settlement, and he, on behalf of the plaintiff, urged that the credit should be made as of April, 1919. The Secretary of War declined to accede to this, but proposed instead to allow as much as 75 per cent of the claim and leave the matter open for suit in the Court of Claims. This proposition was refused. Thereafter, on or about December 15, 1920, a settlement contract (Exhibit F to the petition) was submitted for execution. When sent to the Mosler Company numerous letters passed between that company and- the air service section in reference to its execution, and in January an attorney representing the Mosler Company appeared before the air service section and requested a modification of the proposed settlement contract, urging that the contractor be awarded the stated sum as of April 6, 1920, and that this sum, $130,944.30, be applied against the indebtedness of the Mosler Company to the War Credits Board as of that date. This proposition was declined, and on January 22, 1921, the A. B. Mosler Company, through its attorney, Mr. Sperling, returned the copies of the settlement contract, duly executed, to the air service section of the War Department Claims Board.
In view of the history of the transaction' and of the language of the settlement contract the Mosler Company closed the transaction. In addition to this, after the credits had been given, as stated, the A. It. Mosler Company at various times during a period of thirteen months sold other goods to the United States, for which it periodically submitted invoices, and from the amounts due for these sales the Government at divers times made deductions on account of the said balance due the Government after the credits named in the settlement contract were given to the A. It. Mosler Company. That is to say, the Government recouped the amount due it by making deductions from other bills due to the A. B. Mosler Company, and periodically the Government gave that company notice of these deductions as and when they were made. One of these notices is set-out in the findings (Finding XIV). This was the last of the notices and closed the transaction. From' a bill due the Mosler Company of $10,000, less 2 per cent, there was deducted $8,988.36, leaving a balance of $811.64. This deduc *73 tion was on. account of interest on the advance loan above mentioned, and written upon the face of the notice itself were the words that the settlement of the complete recoupment of advance and interest was attached. This $811.64 was paid by Government voucher, was sent to A. R. Mosler Company, was received by that company and cashed without protest or objection. This was a recognition of the settlement as the Government claimed it, and if it is necessary to add anything to the conclusiveness of the settlement agreement the subsequent action of the parties is conclusive. The suit was not brought until eighteen months after this final payment was made, and is now sought to be maintained by a purchaser of the claim at a sale by the receiver of the original contractor. Our conclusion is that the petition should be dismissed and it is so ordered.
Graham, Judge,
took no part in the decision of this case.